[No. 19366.   Department One.   May 29, 1925.]

THE STATE OF WASHINGTON, *on the Relation of F. E.
Fryberg, Plaintiff,* v. CHARLES R. MAYBURY, *as
Director of Licenses, Respondent.*[1]

PHYSICIANS AND SURGEONS (4-1)—REGULATION—REVOCATION OF LI-
CENSE—SCOPE AND EFFECT AS TO PRIOR LICENSE—POWERS OF DEPART-
MENT. Upon the revocation of an unauthorized sanipractic license,
the sanipractor is entitled to the return to him of a limited license,
which he had surrendered upon the issuance of the full license,
where the limited license was lawfully issued and unrevoked; since
the same constitutes a valuable property right though not a con-
tract.

Application filed in the supreme court May 8, 1925,
for a writ of mandamus to compel the director of li-
censes to surrender to relator a license to practice
drugless healing.   Granted.

*Hugo Metzler, L. L. Thompson* and *E. D. Hodge,*
for relator.

*The Attorney General* and *R. G. Sharpe, Assistant,*
for respondent.

ASKREN, J.—This is an application for a writ of
mandate to require the director of licenses of the state
of Washington to surrender a license to practice drug-
less healing in the state of Washington, which was
issued to relator by the director of licenses on August
15, 1919, and returned to the director in November,
1922.   The facts essential to the determination of this
controversy are as follows:   On August 15, 1919, re-
lator had issued to him what will be hereafter referred
to as a limited license to practice drugless healing.
Sometime thereafter the drugless examining commit-

[1]Reported in 236 Pac. 566.

21—134 WASH.

tee, which, under the law, superseded the board of drugless examiners, adopted the following rule:

"Whereas requests have been made to this committee for full sanipractic license by many persons holding limited certificates, motion was made and carried that those requests be granted in the cases of all those who hold such limited forms of certificates, provided such certificates show at least six subjects therein other than the four basic subjects anatomy, physiology, hygiene and symptomatology, and that such persons making such requests present a diploma from a regular incorporated sanipractic school or college, and Provided further that said persons are entitled to such consideration on their inherent rights as pioneer sanipractors in the establishing of said system of sanipractic."

After this rule was adopted by the drugless examining committee, the director of licenses adopted a rule and practice of requiring applicants to surrender the limited licenses at the time of securing the full sanipractic license. The relator, deeming himself to be entitled to a full sanipractic certificate or license, wrote the department as follows:

"To the Department of Licenses,
"Olympia, Washington.
"Gentlemen: I am the holder of a license issued to me by the state of Washington, year of August 2nd, 1919, and hereby make application for a full Sanipractic License, which I believe I am entitled to under the form originally made to the Board of Drugless Examiners at the time my credentials were submitted to said Board.

"Inclosed fee of five dollars to pay service charge, also photo of myself and my diploma, which I submit as further evidence of my qualifications as a Sanipractic Physician. Please forward license to the following address:
"Name: Dr. F. E. Fryberg,
"Address: 328 Yale Building."

Accompanying this application was a copy of the diploma issued on June 3, 1922, by the American University of Sanipractic to the relator, conferring upon him the title of sanipractic physician. On December 20, 1922, the drugless examining committee approved relator's application and notified him as follows:

"Your application for full sanipractic license has been approved and upon return to this department of the license you now hold a new certificate will be issued."

The relator then returned his limited license and received a full sanipractic license.

Thereafter, it appearing that the American University of Sanipractic had unlawfully issued diplomas to persons not entitled thereto, a judgment was entered in the superior court for King county forfeiting and cancelling its charter. The legislature, in chapter 10, Laws of 1925, p. 23, passed an act which provided in effect that, whenever the director of licenses should have reason to believe that a license to practice any form of drugless healing had been issued upon an application accompanied by a diploma purporting to have been issued to such person by a drugless school, and that such diploma had been issued without such holder having the required educational qualifications, or taken the course of study required by law and the rules of the board, he should make and enter an order to such person requiring him to appear and show cause why his license should not be revoked. Accordingly on May 6, the relator appeared before the license department pursuant to such an order, which required him to show cause why the license issued to him in 1922 (which was the full sanipractic license) should not be revoked. Upon the hearing, the director cancelled the full sanipractic license, which was surrendered under protest by relator.

The right of the director to cancel the full saniprac-tic license is not here involved. Upon the surrender, however, of this license, relator requested the return to him of the limited license which he had previously held, and which was surrendered to the director at the time the full sanipractic license was issued. This the director refused to do. It is the contention of relator that if he is not entitled to a full sanipractic license upon the authority of his limited license and the di-ploma accompanying it, he is entitled to continue prac-tice under his limited license. Respondent's conten-tion is that the right to practice under the limited li-cense became merged and cancelled when the full sani-practic license was issued, and that license having been cancelled, relator is now without authority to practice his profession.

It should be remembered in considering this question that no claim is made by the state that the limited li-cense was not lawfully and regularly issued, or that any proceeding to revoke it has been had, and it is admitted that the order to show cause directed to re-lator by the director applied only to the full sanipractic license, and that the order revoking applied to that license alone.

Appellant relies on the rule covering cancellation of instruments which is stated in 9 C. J. 1207, § 93:

"The general rule is well settled that complainant must, as a condition to his obtaining relief, restore de-fendant as far as possible to the position which he oc-cupied before the transaction which is sought to be rescinded, the remedy of cancellation, like other forms of equitable relief, being subject to the maxim, 'he who seeks equity must do equity.' . . . And the rule is the same in respect to both real and personal estate, and applies irrespective of the grounds on which can-cellation is sought. Thus it applies where cancellation

is asked because of fraud, mistake, duress, nonperformance, illegality, or want of consideration.''

Nearly all the cases cited to sustain the text apply
to contracts, and respondent insists that a license is
not a contract. This contention is amply sustained by
authority. But it does not follow that the rule cited
above is inapplicable. The right to practice is a valuable property right. *Hewitt v. Board of Medical Examiners,* 148 Cal. 590, 84 Pac. 39, 3 L. R. A. (N. S.) 896;
*State v. Schultz,* 11 Mont. 429, 28 Pac. 643.

The relator had acquired that right as to the limited
license prior to the application for the greater one.
This right was one that could only be taken away from
him by appropriate proceedings calling for its revocation; or by voluntary relinquishment of the right conferred thereby. When the director, acting upon the
approval of the examining committee's rule, issued to
relator a new license and required the surrender of
the old one, he did so because the new full sanipractic
license permitted the practice of all the subjects provided in the limited one, and additional ones based upon
the diploma. When it appeared that the diploma did
not entitle relator to these additional rights, did it
automatically cancel all the basic rights granted by the
limited license? We think not. The effect of the
revocation, based upon an unauthorized diploma, could
only destroy whatever rights had their foundation in
it. Let it be illustrated thus: If one held a license to
practice as a physician and the rules provided that,
upon the presentation of that license and a diploma
from any one of certain qualified colleges, the applicant should be entitled to a license as a physician and
surgeon, would .it be contended that, if one were so
granted and it afterwards developed that the diploma
was unlawfully issued, or that the college did not have
the required standard, the director could cancel the

right to practice as a physician as well as surgeon? Manifestly not, for the right to practice as a physician was in no wise dependent upon the authority of the diploma, and only that right which had its basis in the diploma fell with it.

The vice of the director's ruling will be seen from the fact that a person holding a limited license, who did not apply for a greater or full sanipractic license, is allowed to continue to practice under the limited license, whereas, those who deemed themselves entitled, because of additional reasons or qualifications, to a full license, but whose qualifications were thereafter found insufficient, have lost not only the additional rights, but the prior rights as well. It seems clear to us, upon the plainest principles of justice, that the failure to be entitled to the full sanipractic license was caused by lack of additional qualifications, which in no wise could affect the right to a limited license.

Let the writ issue.

TOLMAN, C. J., MAIN, PARKER, and BRIDGES, JJ., concur.